UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-211 RLM |
| v. | ) |
| | ) |
| WELLS COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Randy Russell Ybarra, a *pro se* prisoner, filed a complaint as a result of being placed in segregation while a pretrial detainee at the Wells County Jail. He dues Sheriff Monty Fisher, Jail Commander Karen Thompson and the Wells County Sheriffs Department for being placed in those conditions. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006). "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

On September 25, 2015, Mr. Ybarra was being held as a pretrial detainee at the Wells County Jail. He was placed in segregation due to an investigation that was being conducted. He complains about being placed in segregation. "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. But no process is required if he is placed in segregation not as punishment but for managerial reasons." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002) (citations omitted). "[N]o process is required when a pretrial detainee is segregated to protect jail staff and other prisoners from his violent propensities. Id.; Zarnes v. Rhodes, 64 F.3d 285, 291–92 (7th Cir.1995)." Davis v. Schroeder, 464 F. App'x 549, 550 (7th Cir. 2012).

Mr. Ybarra explains that he was placed in segregation for one week due to an investigation being conducted at the Wells County Jail. Mr. Ybarra doesn't contend that he was placed there as any sort of punishment. "[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators [because p]rison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Whitley v. Albers, 475 U.S. 312, 321–322 (1986) (quotation marks and ellipsis omitted). Based on these allegations, it's not plausible to find that Mr. Ybarra's placement in segregation was for anything other than to allow Wells County Jail officials to conduct and complete an internal investigation,

which doesn't violate Ybarra's constitution rights.

Next, Mr. Ybarra alleges that he was housed in inadequate conditions while in segregation. He says the cell didn't have any running water or toilet, that he wasn't allowed to leave his cell for recreation nor allowed to use the phone, that he remained in his cell when he became sick from withdrawal, that he had to ask officers to provide him with water to drink and also to allow him to use the toilet, that he had to sit in soiled clothing "for hours," that the lights were kept on 24 hours a day, and that a camera in his cell recorded him all day. Mr. Ybarra alleges that Jail Commander Thompson was personally aware of these conditions, but she did nothing to remedy the situation despite his complaints.

Inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d 458, 463 (7th Cir. 2009). But "the Constitution does not mandate comfortable prisons . . .." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Conditions that merely cause inconveniences and discomfort or make confinement unpleasant do not rise to the level of Constitutional violations. Adams v. Pate, 445 F.2d 105, 108-109 (7th Cir. 1971).

> Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" Farmer [v. Brennan, 511 U.S. 825, 834 (1994)] (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). See also, Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994) (the Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society."); Jackson [v. Duckworth,] 955 F.2d [21,] 22 [(7th Cir. 1992)].

Morissette v. Peters, 45 F.3d 1119, 1123 (7th Cir. 1995) (parallel citations

omitted). Though the conditions Mr. Ybarra describes are unpleasant, he hasn't alleged facts demonstrating that he was denied he minimal civilized measure of life's necessities. Inmates aren't constitutionally entitled to have running water in their cell. Williams v. Collins, No. 14 C 5275, 2015 WL 4572311 (N.D. Ill. July 29, 2015) (citing Jelinek v. Roth, No. 93-3316, 1994 WL 447266, at *2 (7th Cir. Aug. 19, 1994)). He doesn't allege that he was denied drinking water nor the opportunity to use the toilet when necessary. And, though he alleges that he was placed in a cell where the lights were left on for 24 hours a day, he doesn't indicate how bright the lights are, nor what harm was caused by them. Neither does he say whether he was permitted to cover his eyes to block out the light and help him sleep. See Mathews v. Raemisch, 513 Fed. Appx. 605 (7th Cir. 2013). Though he claims to have suffered withdrawal symptoms while in segregation, he doesn't allege that he was denied any necessary medical treatment. And, though he claims to have sat in soiled clothing for hours, he doesn't explain why his clothes were soiled, why he had to sit in them for hours, or how many times this occurred during the week.

As a final matter, Mr. Ybarra's allegations against the Wells County Sheriff Department and Sheriff Fisher don't state a claim for relief, either. Mr. Ybarra names Sheriff Fisher as a defendant because he oversees the jail in his role as Sheriff of Wells County. However, because there is no general *respondeat superior* liability under 42 U.S.C. § 1983, Sheriff Fisher cannot be held liable simply because he oversees operations at the jail or supervises other correctional

officers. Burks v. Raemisch, 555 F.3d 592, 594 (7th Cir. 2009). Moreover, it's not clear why he is trying to hold the sheriff's department liable, as opposed to some individual who caused his injury. There are no allegations against the department contained in the complaint.

This complaint doesn't state a constitutional claim against any defendant. The court will give Mr. Ybarra a chance to replead his claims if he believes he can state a claim. Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1022-1023, 1025 (7th Cir. 2013). Any amended complaint should address the deficiencies the court has discussed. He should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the conditions he describes, providing as much detail as possible.

For the foregoing reasons, the court:

    (1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and sent it to Randy Russell Ybarra; and

    (2) **GRANTS** Randy Russell Ybarra to and including June 26, 2017, to file an amended complaint.

If Mr. Ybarra doesn't respond by June 26, this case will be dismissed pursuant to 28 U.S.C. § 1915A because this complaint doesn't state a claim for which relief can be granted.

SO ORDERED.

ENTERED: May 25, 2017.      /s/ Robert L. Miller, Jr.
      Judge
      United States District Court