UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| RANDY RUSSELL YBARRA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) | CAUSE NO. 3:17-CV-211 RLM |
| v. | ) |  |
|  | ) |  |
| WELLS COUNTY JAIL, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

OPINION AND ORDER

Randy Russell Ybarra, a *pro se* prisoner, filed an amended complaint as a result of being placed in segregation while a pretrial detainee at the Wells County Jail. He sues the Wells County Jail, Jail Commander Karen Thompson, Detective James Paxton and Officer Zack Walker for placing him in those conditions. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

On September 25, 2015, Mr. Ybarra was being held as a pretrial detainee at the Wells County Jail. That morning, two inmates who were housed with Mr. Ybarra overdosed on drugs. Detective Paxton wanted Mr. Ybarra to accept responsibility for the offenders' overdoses. Mr. Ybarra was questioned and denied any involvement. Detective Paxton became upset with Mr. Ybarra's answers. Detective Paxton, Commander Thompson and Officer Walker placed Mr. Ybarra in segregation for a week and took away all of his privileges as a punishment for not admitting his involvement in the overdose. Mr. Ybarra claims that he was unlawfully placed in segregation and further contends that the conditions of his segregation were uninhabitable.

As a threshold matter, the Wells County Jail isn't a proper defendant here. Though it is where these events occurred, the jail is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. section 1983. See Sow v. Fortville Police Dep't, 636 F.3d 293, 300 (7th Cir. 2011).

As to his claim that he was wrongfully placed in segregation, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. But no process is required if he is placed in segregation not as punishment but for managerial reasons." Higgs v. Carver, 286 F.3d 437, 438 (7th Cir. 2002) (citations omitted). Mr. Ybarra says there was no reason for him to be placed in segregation. He says he was placed there as punishment without being afforded

due process, and that he was placed in segregation in order to "break him down" to admit to the false accusations. Giving Mr. Ybarra the inferences he is entitled to at this stage, he has stated a claim against the three individual defendants.

Next, Mr. Ybarra alleges that his conditions of his week long stay in segregation was constitutionally inadequate. Mr. Ybarra complains that he wasn't allowed to leave his cell for recreation or allowed to use the phone. Lights were kept on 24 hours a day, he says, which caused him to suffer headaches and deprived him of sleep. To get away from the lights, Mr. Ybarra says, he had to sleep on the floor under a small wooden bench that was next to a drain full of vomit and urine. He says he was denied any hygiene materials, cleaning supplies to clean the cell or the floor, and an opportunity to change his clothes. Mr. Ybarra alleges that Commander Thompson, Detective Paxton and Officer Walker were personally aware of these conditions, but did nothing to remedy the situation despite his complaints because they were trying to break him down into admitting that he had a role in his roommates' overdose.

"In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." Bell v. Wolfish, 441 U.S. 520, 535 (1979). Deprivations must be "unquestioned and serious" and deprive prisoner of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). Inmates are entitled to adequate food, clothing, shelter, medical care, bedding, hygiene materials, and sanitation. Knight v. Wiseman, 590 F.3d

458, 463 (7th Cir. 2009); Gillis v. Litscher, 468 F.3d 488, 493 (7th Cir. 2006). Although the complaint isn't heavy on detail, giving Mr. Ybarra the benefit he is entitled to at this stage, the court concludes that he has stated enough to proceed on a claim that he was denied the minimal civilized measure of life's necessities. Unnecessarily leaving a person in an unsanitary cell where he was deprive of sleep for one week and not given any hygiene or sanitation items or change of clothes may implicate the Fourteenth Amendment.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Detective James Paxton, Jail Commander Karen Thompson and Officer Zack Walker in their individual capacities for money damages for placing him in segregation as punishment from September 25, 2015 through October 2, 2015, in violation of the Fourteenth Amendment;

(2) GRANTS the plaintiff leave to proceed against Detective James Paxton, Jail Commander Karen Thompson and Officer Zack Walker in their individual capacities for money damages for failing to provide him with adequate conditions of confinement from September 25, 2015, through October 2, 2015, in violation of the Fourteenth Amendment;

(3) DISMISSES the Wells County Jail as a defendant;

(4) DISMISSES any and all other claims contained in the complaint;

(5) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Detective James Paxton, Jail Commander Karen

Thompson and Officer Zack Walker with a copy of this order and the amended complaint (ECF 7-2) as required by 28 U.S.C. § 1915(d); and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Detective James Paxton, Jail Commander Karen Thompson and Officer Zack Walker respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: August 7 , 2017.                /s/ Robert L. Miller, Jr.
                                         Judge
                                         United States District Court