UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:17-CV-211 RLM |
| v. | ) |
| | ) |
| WELLS COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, has filed a motion for temporary restraining order requesting an order to preserve various relevant documents housed at the Wells County Jail so that he can use those documents as evidence in this case. Although labeled as a temporary restraining order, this request is more appropriately understood as a motion to preserve evidence, which is unnecessary.[1]

A party has a duty to preserve evidence when he knows, or should have known, that litigation is imminent. Trask-Morton v. Motel 6 Operating L.P., 534 F.3d 672, 681 (7th Cir. 2008). The duty to preserve evidence encompasses any evidence that the non-preserving party knew or reasonably could foresee would be relevant to the action. Larson v. Bank One Corp., 2005 WL 4652509, *10-11

---

[1] Notably, Mr. Ybarra does not contend that any of these documents are being destroyed or otherwise damaged at the jail.

(N.D. Ill. August 18, 2005); Danis v. USN Communications, Inc., 2000 WL 1694325, *32 (N.D. Ill. Oct. 20, 2000). This duty attaches when the defendant is put on notice of impending litigation. Trask-Morton v. Motel 6, 534 F.3d at 681 (explaining that Motel 6 was on notices of the claim when it received the plaintiff's demand letter).

For these reasons, the court DENIES the motion for temporary restraining order.

SO ORDERED

ENTERED: November 17 , 2017.   /s/ Robert L. Miller, Jr.
　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　United States District Court