UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| RANDY RUSSELL YBARRA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 3:17-CV-211-RLM-MGG |
| | ) |
| WELLS COUNTY JAIL, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Randy Russell Ybarra, a prisoner without a lawyer, filed a letter asking to amend his complaint with a proposed amended complaint. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The court thus construes Mr. Ybarra's letter as a motion for leave to amend. "Reasons for finding that leave should not be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663, 666 (7th Cir. 2007).

In the proposed amended complaint, Mr. Ybarra seeks to add Joe Pettibone and Zack Hayden as defendants. Mr. Ybarra's claims are subject to a two-year statute of limitations. Behavioral Inst. of Ind., LLC v. Hobart City of Common Council, 406 F.3d 926, 929 (7th Cir. 2005). The amended complaint focuses on

Mr. Ybarra's time in segregation from September 25, 2015, to October 2, 2015. Mr. Ybarra signed the amended complaint more than two years later on December 4, 2017. Therefore, amending the complaint to add Mr. Pettibone and Mr. Hayden would be futile unless the allegations against them would relate back to the original complaint.

Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." King v. One Unknown Federal Correctional Officer, 201 F.3d 910, 914 (7th Cir. 2000). No such mistake occurred here. Mr. Ybarra might not have known the identity of Mr. Pettibone or Mr. Hayden before, but that wouldn't be a mistake for purposes of the relation back rules. See id. Because Mr. Ybarra didn't assert his claims against Mr. Pettibone or Mr. Hayden in a timely manner and because the relation-back doctrine doesn't apply to these claims, amending the complaint to add Mr. Pettibone and Mr. Hayden would be futile.

For these reasons, the court:

(1) DENIES Randy Russell Ybarra's motion for leave to amend his complaint (ECF 32); and

(2) DIRECTS the clerk to edit ECF 33 to indicate that it is a Proposed Amended Complaint.

SO ORDERED.

Date: January 16, 2018   /s/ Robert L. Miller, Jr.
Judge
United States District Court

2